DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Village of Brady Lake, et al., ) | |
| ) | CASE NO. 5:06 CV 3008 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| City of Kent, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is the motion to dismiss filed by defendant City of Kent (Doc. No. 4), plaintiffs' memorandum in opposition (Doc. No. 12), and defendant's reply (Doc. No. 13). In addition, the Court has the parties' supplemental briefs (Doc. Nos. 16 and 17) which were submitted in response to the Court's specific questions (see Doc. No. 14). For the reasons discussed below, the motion is granted.

## I. BACKGROUND

On December 18, 2006, the Village of Brady Lake and 20 individuals filed a complaint against the City of Kent in this Court (Doc. No. 1) alleging that they are real property owners or residents who have been "dewatered by the pumping of groundwater by the Defendant from its well field located near Lake Brady and the Village of Brady Lake." (Compl. ¶ 1). The Complaint sets forth one count of a substantive due process violation for which there is allegedly no adequate state law remedy due to the defendant's immunity under Ohio law and one count of an unconstitutional taking of a protected property interest without just compensation. In addition to reasonable attorney fees and "other relief deemed appropriate," the Complaint seeks

(5:06 CV 3008)

individual damages for each plaintiff for the cost of new wells, pumps and other out-of-pocket expenses, including the cost of connecting to a municipal water supply, as well as individual damages for inconvenience, annoyance and suffering.

Plaintiffs assert that they are located in a valley filled with unconsolidated glacial material consisting of sand, clay and glacial outwash that provided ample quantities of good quality, potable water that was used to meet their domestic needs via individual water wells. Brady Lake is also supplied from this aquifer. Defendant allegedly drilled several large diameter production water wells and began pumping from those wells in 1969-70. Defendant has continued to pump from the wells ever since and, in 1975-76, the pumping even increased. Defendant's pumping has allegedly lowered the aquifer and caused the plaintiffs' water levels to decline. There seems to be no dispute as to these underlying facts.

There is also apparently a long procedural history between these parties. Attached to the defendant's supplemental brief (Doc. No. 16) is a slip opinion of Ohio's 11th Appellate District in <u>Village of Brady Lake, et al. v. City of Kent</u>, No. 2005-P-0030, 2006 WL 847210 (Ohio App. March 31, 2006), wherein the Ohio court of appeals affirmed the trial court's grant of summary judgment for the defendant and held that Kent was immune from liability for any claim that it had unreasonably used ground water and that the plaintiffs were precluded under the doctrine of *res judicata* from pursuing that claim against the City. In that opinion, the court noted that four previous complaints had been filed based on the same facts, with the first being a complaint filed in federal court in 1982 which was dismissed for lack of jurisdiction. The second and third complaints had been filed in Portage County Court of Common Pleas and were voluntarily

(5:06 CV 3008)

dismissed. The fourth complaint was resolved in defendant's favor on summary judgment which was affirmed on appeal. Then a fifth complaint was filed; there was a summary judgment ruling in defendant's favor that was the subject of the appeal to the 11th District in 2005. Once again the defendant prevailed.

## **II. DISCUSSION** [1]

Defendant argues that plaintiffs' takings claim is not ripe and, therefore, that this Court lacks subject matter jurisdiction. It further argues that the substantive due process claim must be dismissed because the Just Compensation Clause of the Fifth Amendment offers an explicit remedy which takes precedence over any other general, alternative claim.[2] The Court will address these arguments in reverse order.

---

[1] The litigation history set forth above, about which this Court has been previously unaware, makes the Court question whether the instant complaint is barred by the doctrine of *res judicata*, a defense which has not been raised in the instant Rule 12(b) motion (because it is not required to be raised in such a motion) and which may yet be raised if the defendant were to have occasion to file an answer. Under 28 U.S.C. § 1738, "federal courts [are] to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Haring v. Prosise, 462 U.S. 306, 313 (1983) (quotation omitted); see also Hospital Underwriting Group, Inc. v. Summit Health Ltd., 63 F.3d 486, 494 (6th Cir. 1995); McAdoo v. Dallas Corp., 932 F.2d 522, 524 (6th Cir. 1991). In this case, the controlling law of preclusion is the law of the State of Ohio. See City of Canton, Ohio v. Maynard, 766 F.2d 236, 237-38 (6th Cir. 1985). This law was explained in Grava v. Parkman Township, 73 Ohio St.3d 379 (1995), which held that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (overruling Norwood v. McDonald, 142 Ohio St. 299 (1943), Syllabus ¶ 2, and overruling Whitehead v. General Tel. Co., 20 Ohio St.2d 108 (1969), Syllabus ¶ 2). Since this issue has not yet been raised, this Court need not make any ruling. However, in the event this case were to be appealed and remanded, this issue will loom large in view of the Ohio 11th District's 2006 holding that the claims were already barred by *res judicata*.

[2] To the extent the complaint also states claims under Ohio law, these claims, according to the defendant, should not be litigated here if all federal claims are dismissed.

(5:06 CV 3008)

## A.  Substantive Due Process Claim

Defendant argues that where, as here, there is a specific amendment providing relief, the more generalized "substantive due process" claim must be dismissed.  Plaintiffs assert that, because they have a protected property interest in their land and houses, their substantive due process claim is separate from their takings claim.

In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court (Chief Justice Rehnquist, with three Justices joining, two Justices concurring and two Justices concurring in judgment) noted:

> Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."

Id. at 273 (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

The Sixth Circuit has similarly noted:

> . . . Supreme Court authority . . . strongly stresses that substantive due process concepts are not available to provide relief when another provision of the Constitution directly addresses the type of illegal government conduct alleged by the plaintiff.

Warren v. City of Athens, Ohio, 411 F.3d 697, 706-07 (6th Cir. 2005) (citations omitted).

In view of this case law, this Court concludes that any substantive due process claim must be dismissed for failure to state a claim.  See, Choate's Air Conditioning & Heating v. Light, Gas & Water Div., 16 Fed. Appx. 323, 330-31 (6th Cir. June 22, 2001) (unpublished) (rejecting an effort to "repackage[ ]" a takings claim as a substantive due process violation).

(5:06 CV 3008)

**B.  Takings Claim**

In Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 170 (1985), the Supreme Court held that a particular takings claim was not ripe for adjudication in federal court because the respondent "did not seek compensation through the procedures the State has provided for doing so." Id. at 194 (footnote omitted).  The Court noted that "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Id.  Therefore, the Court concluded: "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195.

There is no question here that plaintiffs have not used any Ohio procedure to seek just compensation for the alleged taking of their property.  Plaintiffs, in fact, acknowledge this, but ask this Court to "hold that [they] need not seek compensation through state procedures prior to coming to federal court." (Doc. No. 12 at 3).

Plaintiffs argue that Ohio's mandamus procedures are not adequate because the procedures do not allow for monetary damages.  However, the Sixth Circuit has very recently declared the opposite in McNamara v. City of Rittman, 473 F.3d 633 (6th Cir. 2007), a fact that is also acknowledged by the plaintiffs.  McNamara says:

> Because "[t]oday, Ohio has 'reasonable, certain, and adequate procedures' for plaintiffs to pursue compensation for an involuntary taking," and because "there is no dispute that Plaintiffs have failed to request mandamus from the state," plaintiffs' continuing-violation takings claim is not yet ripe for review. [citation omitted].  The proper course is for plaintiffs first to file a mandamus action in state court based on their continuing-violations theory.

5

(5:06 CV 3008)

Id. at 639-40 (quoting Coles v. Granville, 448 F.3d 853, 865 (6th Cir. 2006)).

Plaintiffs also argue that theirs in not a regulatory taking, but a physical taking. They cite Kruse v. Village of Chagrin Falls, 74 F.3d 694 (6th Cir. 1994) as authority for the proposition that Ohio procedures to remedy *physical* takings are not adequate and they further cite Tri-Corp Management Co. v. Proznik, 33 Fed.Appx. 742 (6th Cir. March 29, 2002) (unreported) as stating that Kruse still controls in physical takings cases. Plaintiffs acknowledge that this is contrary to the more recent Coles decision, where the Sixth Circuit held, following a lengthy discussion of Ohio case law, including Kruse and Tri-Corp Management: "Over the last ten years Ohio courts, including the Ohio Supreme Court, have consistently recognized mandamus as the vehicle with which to contest an involuntary taking, no matter whether that taking is a regulatory or a physical one, and no matter whether the public actor is a state or local entity." Coles, 448 F.3d at 865.

In this Court's view, which is guided by the case law above, plaintiffs' takings claim is simply not ripe for consideration.

### III. CONCLUSION

For the reasons discussed herein, defendant's Rule 12(b) motion to dismiss (Doc. No. 4) is granted.

IT IS SO ORDERED.

| | |
|---|---|
| May 11, 2007 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |